## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR CASCO, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>PONZIOS RD, INC. d/b/a METRO DINER; and Doe Defendants 1-10,<br><br>Defendant(s) | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff Oscar Casco ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.      This is class and collective action brought on behalf of "Tipped Employees" who work or have worked at restaurant facilities operating under the trade name of "Metro Diner." Metro Diner is owned and/or operated by Defendant Ponzios RD, Inc. ("Ponzios" or "Defendant").

2.      Ponzios employs individuals as "bartenders," "waiters/waitresses," "servers" and "bussers" (collectively "Tipped Employees"), who are and/or were subjected to Defendant's unlawful pay practices.

3.      As explained in detail below, Defendant systematically and willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New Jersey State Wage and Hour Law ("NJ State Law"), N.J.S.A. 34:11-56a *et seq.*, by failing to satisfy the notice requirements of the tip credit provisions of the FLSA and NJ State Law and failing to pay Tipped Employees for all hours worked, including hours in excess of forty in a week.

4.      Indeed, due to Defendant's unlawful failure to properly inform Tipped Employees of its intention to utilize a "tip credit," Defendant has improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

5.      As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

## SUMMARY OF CLAIMS

6.      Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the FLSA.

7.      Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the FLSA.

8.      In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendant within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

9.      In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, and failing to pay the applicable minimum wage, pursuant to the NJ State Law.

10.      Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendant in the State of New Jersey during the statutory period covered by this Complaint (the "NJ Class").

11.      The Nationwide Collective Class and the NJ Class are hereafter collectively referred to as the "Classes."

12.     Plaintiff alleges on behalf of the Nationwide Collective Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law, (ii) entitled to overtime pay for all hours worked in excess of forty in a workweek for which Defendant only paid straight time, and (iii) entitled to liquidated damages pursuant to the FLSA.

13.     Plaintiff alleges on behalf of the NJ Class that Defendant violated NJ State Law by failing to comply with the tip credit provisions, as required by law, consequently failing to pay them the appropriate minimum wages for all hours worked and failing to pay Tipped Employees overtime for all hours worked in excess of forty in a workweek.

14.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the Defendant.  In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship.  Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each of the defendants.

## PARTIES

15.     Plaintiff is a resident of the State of New Jersey who was employed by Defendant as a "busser" in their Brooklawn, New Jersey location at Rt. 130 & Browning Rd., Brooklawn, NJ 08030 from on or about September 15, 2015, through approximately February 21, 2016, who Defendant failed to compensate properly for all hours worked.

3

16.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  His executed Consent To Sue form is attached hereto as Exhibit "A."

17.     Defendant Ponzios RD, Inc. ("Defendant" or "Ponzios") does business as the "Metro Diner" located at Rt. 130 & Browning Road in Brooklawn, NJ.  In a recent "Retail Food Inspection Report," Defendant is listed as the "Owner(s), Partnership or Corporation" of the entity operating under the "Trade Name" "Metro Diner."

18.     According to Defendant's website, "[t]he Metro Diner is a family dining establishment, proudly owner-managed and operated by experienced, dedicated professionals with decades of experience in the restaurant industry . . ."  *See* http://www.themetrodiner.com/ (last visited March 29, 2016).[1]

19.     At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within this State, including within this district.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

21.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

22.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

---

[1] According to the website, the experience in operating a restaurant includes "Penrose Diner in Philadelphia, Oregon Diner in Philadelphia, and Lucien's Manor in Berlin, NJ."  *See* http://www.themetrodiner.com/ (last visited March 29, 2016).  Should discovery reveal that Defendant controls other restaurant facilities operating under substantially the same condition as the Metro Diner, Plaintiff will seek leave to add those entities to this Complaint.

23. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

24. The crux of the FLSA and NJ State Laws is, *inter alia*, that all employees are entitled to be paid mandated minimum wages for all hours worked.

25. Contrary to these basic protections, Plaintiff and the members of the Classes were deprived of the mandated minimum wage for all hours they worked and denied the proper overtime pay when they worked in excess of forty in a workweek.

26. Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendant.

**Plaintiff's Experience Working for Defendant**

27. During the course of Plaintiff's employment with Defendant, Plaintiff's hourly wage rate was $3.50 plus tips.

28. When Plaintiff first began working for Defendant, he worked on average forty (40) to forty-seven (47) hours per week usually working five to six shifts per week.

29. However, in order to avoid paying Plaintiff and other Tipped Employees overtime, Plaintiff was instructed not to clock in at the start of his shift. Thus, Plaintiff's time records only recorded him working thirty-six (36) to thirty-eight (38) hours per week.

30. For those hours Plaintiff worked off-the-clock, he was only paid his straight hourly rate of $3.50. In short, Plaintiff was denied overtime pay for every hour he worked over forty in a workweek.

31. After working approximately one month for Defendant, Plaintiff gave up working more than five shifts in a week, thus causing his total hours worked to be less than forty.

32.     In addition to his hourly pay of $3.50, Plaintiff also participated in a tip pool.  He was paid directly by the servers and usually earned between $2-$3 per hour in tips.

33.     As set forth below, despite earning insufficient tips, Defendant never adjusted Plaintiff's hourly rate.

34.     Upon information and belief, Plaintiff believes that Defendant would occasionally erase time recorded in Defendant's timekeeping system so as to avoid paying Plaintiff for all hours worked, including overtime.

35.     Plaintiff believes that Defendant's policy of avoiding overtime and not adjusting Tipped Employees' hourly rate when insufficient tips were earned was a uniform policy/procedure that applied to all Tipped Employees (and thus was applicable to the members of the Classes).

**The Tip Credit Provision & Requirements**

36.     Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendant chose to take a tip credit and pay these employees less than the applicable minimum wage.

37.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the tip credit wage paid by the employer equals at least the applicable minimum wage.[2]

38.     According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped

---

[2] An employer is not relieved of their duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage. That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit. Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under
> the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the
> minimum required cash wage of $2.13).

39.     Although New Jersey has a higher minimum wage (currently $8.38 per hour), it does follow the federal law and only require a cash wage of $2.13 to be paid to employees who customarily and regularly receive tips.

40.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must notify its employees of its intention to take the tip credit and must also inform its employees that all tips received by the employee are to be retained by the employee (except for those tips that are part of a valid tip pooling arrangement).

41.     Moreover, an employer must explicitly notify the employee as to the amount of the tip credit and inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

42.     An employer bears the burden of showing that it has satisfied the notification requirement of informing its employees that tips are being credited against the employee's hourly wage.[3]    If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

43.     Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference. Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash

---

[3] Courts have strictly construed this notification requirement.  Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated federal minimum wage.

**<u>Defendant's Failure to Notify Tipped Employees</u>**

44.    As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

45.    Rather than comply with the notification requirements set forth in Fact Sheet #15, Defendant chose to simply pay its Tipped Employees between $2.13 and $3.50 per hour.  In short, Defendant failed to inform its Tipped Employees of (i) their intention to take the tip credit, and (ii) the amount Defendant intended to claim as a tip credit.

46.    The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, that employer forfeits the tip credit and must pay the employee the full minimum wage.

47.    Indeed, Plaintiff does not ever recall being notified by Defendant that it intended to take a "tip credit," nor how much that amount would be.  Evincing the magnitude of Defendant's abject failure to notify Tipped Employees of its intention to take a tip credit, until recently, Plaintiff never heard the term "tip credit."

48.    Further, it also appears that Defendant failed to comply with N.J.A.C. 12:56-4.6, which requires employers of employees who receive gratuities to "maintain and preserve payroll and other records containing the total gratuities received by each employee during the payroll week."

49.    Had Defendant complied with that wage provision, it would have clearly seen that Plaintiff and others were not earning sufficient tips to substantiate the tip credit claimed.

50.    Rather, Defendant took the maximum tip credit permissible irrespective of

whether its Tipped Employee actually earned sufficient tips to legally warrant Defendant's tip credit claim.

**Defendant's Overtime Violations**

51.     In further violation of the FLSA and NJ State Law, Defendant does not pay the proper premium overtime compensation for hours worked in excess of 40 per work week.

52.     Instead, when a Tipped Employee is approaching working forty hours in a week, Defendant has that employee work off-the-clock.   Defendant then simply pays that Tipped Employee their straight time pay under the table, so as to keep an employee's recorded time from reflecting that the individual worked over forty hours that week.

53.     As the federal regulations make clear, overtime must be calculated at an employee's regular rate of pay.  29 C.F.R. § 778.5.  Thus, here, Tipped Employees overtime rate must be calculated at the minimum wage rate of $8.38 per hour.

54.     Thus, overtime (or time and one-half) for Tipped Employees should have been $12.57.  Assuming Defendant qualified for the tip credit for overtime hours worked, Plaintiff should have been paid $7.45 ($12.57 minus the federal tip credit of $5.12) for all hours worked in excess of forty.

55.     As set forth above, Defendant failed to pay Plaintiff and other Tipped Employees working in excess of forty hours per week the proper overtime hourly rate.  Rather, Defendant paid Plaintiff his straight hourly rate of $3.50 per hour irrespective of whether he worked in excess of forty hours in a given week.

56.     Tipped Employees regularly worked hours in excess of 40 in a week.

57.     Due to Defendants' practices Tipped Employees have been deprived of payments to which they are entitled.

58.     Defendant has been unjustly enriched to the detriment of the Classes by (i) paying Tipped Employees less than the mandated minimum wage while failing to comply with the requirements for doing so and (ii) failing to pay Tipped Employees premium overtime compensation for all hours worked in excess of forty in a work week.

59.     Evidence generally reflecting the number of uncompensated hours worked by Tipped Employees is in the possession of Defendant.

60.     While Plaintiff is unable to state at this time the exact amount owed to the Classes, Plaintiff believes that such information will become available during the course of discovery.  Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the FLSA.  Plaintiff also brings this action as a class action pursuant to Rule 23 on behalf of herself and the NJ Class for claims under the NJ State Law.

62.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims brought pursuant to the NJ State Law may be pursued by all similarly-situated persons who do not opt-out of the NJ Class pursuant to Rule 23.

63.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over 30 individuals in each of the Classes.

64.     Defendant has acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

65.     The claims of Plaintiff are typical of the claims of the Classes he seeks to represent.  Plaintiff and the members of the Classes work or have worked for Defendant and were subject to the same compensation policies and practices.

66.     Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.     Whether Defendant was precluded from claiming the tip credit during the period encompassed by this Complaint;

    b.     Whether Defendant has failed to pay minimum wages for each hour worked;

    c.     Whether Defendant has failed to pay all overtime compensation due and owing; and

    d.     Whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages.

67.     Plaintiff will fairly and adequately protect the interests of the Classes as his interests are aligned with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes he seeks to represent, and has retained competent and experienced counsel.

68.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually

seek redress for the wrongs done to them.

69.      Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

70.      Defendant has violated and, continues to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of NJ State Law.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of the Nationwide Collective Class)**

71.      Plaintiff, on behalf of himself and the Nationwide Collective Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

72.      At all relevant times, Defendant has had gross revenues in excess of $500,000.00.

73.      At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

74.      At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the Nationwide Collective Class Members within the meaning of the FLSA.

75.      Pursuant to Defendant's compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendant took a tip credit and paid Tipped Employees only the tip-credit wage.

76.      Defendant has violated and, continue to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

77.     Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the Nationwide Collective Class, are entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS**
**(On Behalf of the Nationwide Collective Class)**

78.     Plaintiff, on behalf of himself and the Nationwide Collective Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

75.     At all relevant times, Defendant has had gross revenues in excess of $500,000.00.

76.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

77.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the Nationwide Collective Class Members within the meaning of the FLSA.

78.     At relevant times in the period encompassed by this Complaint, Defendant has a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek.

79.     Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

80.     Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the Nationwide Collective Class, are entitled to recover from Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and

reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF
### NEW JERSEY MINIMUM WAGE VIOLATIONS
### (On Behalf of the NJ Class)

81.     Plaintiff, on behalf of himself and the members of the NJ Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

82.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the NJ Class Members within the meaning of the NJ State Law.

83.     Pursuant to Defendant's compensation policies, rather than pay Tipped Employees the applicable New Jersey minimum wage, Defendant improperly took a tip credit and paid Tipped Employees at a rate well below New Jersey's minimum wage.

84.     Pursuant to Defendant's compensation policies, rather than pay Tipped Employees the required minimum wage in New Jersey, Defendant took a tip credit and paid Tipped Employees only the tip-credit wage.

85.     At relevant times in the period encompassed by this Complaint, Defendant had a willful policy and practice of failing to satisfy the notification requirements in order for Defendant to claim the tip credit.

86.     As a result of Defendant's willful practices, Defendant was not entitled to claim the tip credit and pay Plaintiff and the members of the NJ Class less than the New Jersey minimum wage for all hours worked.

87.     Defendants have violated and, continue to violate, NJ State Law.

88.     Due to the Defendant's violations, Plaintiff, on behalf of himself and the members of the NJ Class, are entitled to recover from Defendant the amount of unpaid minimum wages,

attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### NEW JERSEY OVERTIME VIOLATIONS
#### (On Behalf of the NJ Class)

89.     Plaintiff, on behalf of himself and the members of the NJ Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

90.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the NJ Class Members within the meaning of the NJ State Law.

91.     At relevant times in the period encompassed by this Complaint, Defendant had a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek.

92.     Pursuant to Defendant's policies and procedures, Plaintiff and the members of the NJ Class were paid their straight time hourly rate irrespective of whether a Tipped Employee worked in excess of forty hours in a particular week.

93.     This did not compensate Tipped Employees premium overtime compensation in an amount at least equal to one and one-half times their regular rate for all hours worked in excess of forty in a workweek.

94.     NJ State Law provides that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half (1.5) times the regular rate of pay for an employee.  *See* N.J.S.A. 34:11-56a to 34:11-56a30.

95.     Defendant has violated and, continues to violate, NJ State Law.

96.     Due to the Defendant's violations, Plaintiff, on behalf of himself and the members of the NJ Class, are entitled to recover from Defendant the amount of unpaid overtime wages, attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**NEW JERSEY COMMON LAW – UNJUST ENRICHMENT**
**(On Behalf of the NJ Class)**

97.     Plaintiff, on behalf of himself and the NJ Class Members, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

98.     Plaintiff and the members of the NJ Class were employed by Defendant within the meaning of the NJ State Law.

99.     At all relevant times, Defendant had a willful policy and practice of denying Tipped Employees their proper compensation.

100.     During the class period covered by this Complaint, Plaintiff and Tipped Employees were subjected to Defendant's unlawful policies and practices of failing to notify employees of the tip credit requirements and failing to pay premium overtime compensation for hours worked in excess of forty in a workweek.

101.     Defendant retained the benefits of its unlawful policies and practices from Plaintiff and Tipped Employees under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits.

102.     Defendant was unjustly enriched by subjecting Plaintiff and Tipped Employees to such unlawful policies and practices.

103.     As direct and proximate result of Defendant's unjust enrichment, Plaintiff and the members of the NJ Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement from Defendant of the benefits conferred by Plaintiff and the NJ Class.

104.     Plaintiff, on behalf of himself and the members of the NJ Class, are entitled to reimbursement, restitution and disgorgement of monies received by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and/or on behalf of himself and all other similarly

situated members of the Nationwide Collective Class and members of the NJ Class respectfully requests the Court grant the following relief:

A.      Designation of this action as a collective action on behalf of the Nationwide Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B.      Designation of the action as a class action under Rule 23 on behalf of the NJ Class;

C.      Designation of Plaintiff as representative of the Nationwide Collective Class and the NJ Class;

D.      Designation of Plaintiff's counsel as class counsel for the Nationwide Collective Class and the NJ Class;

E.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJ State Law;

F.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G.      An award of unpaid minimum wages to Plaintiff and the members of the Classes;

H.      An award of unpaid overtime wages to Plaintiff and the members of the Classes;

I.      An award of liquidated damages to Plaintiff and members of the Classes;

J.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

K.      Such other and further relief as this Court deems just and proper.

17

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

## CERTIFICATION

It is hereby certified that, pursuant to L.Civ.R. 11.2, the matter in controversy is not presently the subject of any other action pending in any court or of an arbitration proceeding to date.

Date: <u>April 14, 2016</u>                                          Respectfully submitted,
**CONNOLLY WELLS & GRAY, LLP**


                                                                        /s/
                                                                        _____
                                                                        Gerald D. Wells, III
                                                                        Stephen E. Connolly
                                                                        2200 Renaissance Blvd., Suite 308
                                                                        King of Prussia, PA 19406
                                                                        Telephone:  (610) 822-3700
                                                                        Facsimile:  (610) 822-3800
                                                                        E-mail: gwells@cwg-law.com
                                                                        E-mail: sconnolly@cwg-law.com

                                                                        **KALIKHMAN & RAYZ, LLC**
                                                                        Lawrence Kalikhman
                                                                        Demetri A. Braynin
                                                                        1051 County Line Road, Suite "A"
                                                                        Huntingdon Valley, PA 19006
                                                                        Telephone:  (215) 364-5030
                                                                        Facsimile:  (215) 364-5029
                                                                        E-mail: lkalikhman@kalraylaw.com
                                                                        E-mail: dbraynin@kalraylaw.com

                                                                        Counsel for Plaintiff and the Proposed Class

# EXHIBIT "A"

## CONSENT TO BECOME A PARTY PLAINTIFF

1.    I, _Oscar Casco_____, consent to sue as a Plaintiff in this

action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2.    During the applicable period, I was an employee of Defendant and was not paid
properly for all hours worked.

3.    By my signature below, I hereby authorize counsel to prosecute the claims in my
name and on my behalf, in this action, for Defendant's failure to pay all wages due and owing in
accordance with federal law.

_03-24~16_____                          _Oscar Casco_____
Date                                                Print Name

                                                    _____
                                                    Signature

JS 44 (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Oscar Casco | Ponzios RD, Inc., d/b/a Metro Diner |
| **(b)** County of Residence of First Listed Plaintiff   Camden | County of Residence of First Listed Defendant   Camden |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*<br>Connolly Wells & Gray, LLP          Kalikhman & Rayz, LLC<br>2200 Renaissance Blvd, Ste 308      1051 County Line Rd, Ste "A"<br>King of Prussia, PA 19406            Huntingdon Valley, PA 19006<br>(610) 822-3700 [gwells@cwg-law.com]   (215) 364-5030 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. 201 et seq.

Brief description of cause:
Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   4/13/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____