IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| OSCAR CASCO, individually and on behalf of all others similarly situated, | |
| Plaintiff(s), | Civil No. 16-2084 (RBK) |
| | **OPINION** |
| v. | |
| PONZIOS RD, INC. d/b/a METRO DINER; and Doe Defendants 1-10, | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon plaintiff Oscar Casco's ("Plaintiff") motion to certify a class pursuant to Fed. R. Civ. P. 23 and to conditionally certify a collective class pursuant to 29 U.S.C. § 216(b) (Doc. No. 30). For the reasons expressed below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

I.   FACTUAL BACKGROUND

This case stems from alleged violations of the Fair Labor Standards Act of 1936 ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL") arising from defendant Ponzios RD, LLC's, doing business as Metro Diner ("Defendant," or "Metro"), tip crediting and overtime pay policies. 29 U.S.C. § 201 *et seq.*; N.J. Stat. Ann. 34:11-56a *et seq.* Plaintiff now seeks to certify a class of all waiters/waitresses, servers, bussers, and bartenders (collectively, "Employees") who are or were subjected to Defendant's pay practices. (*See* Compl.).

1

Plaintiff is a resident of New Jersey who was employed by Defendant as a busser at its Brooklawn, New Jersey location from September 2015 through February 2016.[1] (*Id.* at 3). Opt-in plaintiff Tina Blemings's ("Blemings") citizenship is not plead or mentioned in the relevant briefing here, but worked as a server for Defendant. (Pl. Br. at 3). According to Defendant's website, Metro is a "family dining establishment." (*Id.* at 4, *see* http://www.themetrodiner.com/).

Plaintiff alleges that he and other Employees were systemically underpaid in violation of FLSA and NJWHL. (Compl. at 5). Plaintiff earned $3.50 hourly working for Defendant. (*Id.* at 5). Plaintiff alleges he worked forty to forty-seven hours per week but was only compensated for thirty-six to thirty-eight hours per week. (*Id.*). Plaintiff claims he was denied overtime pay for every hour he worked over forty in a workweek. (*Id.*). Plaintiff also participated in a tip pool. (Compl. at 6). The servers paid him directly and he earned $2.00-$3.00 per hour in tips. (*Id.*). Plaintiff maintains that Defendant never adjusted Plaintiff's hourly rate despite earning insufficient tips to cover the tip credit. (*Id.*). He also claims that Defendant would occasionally erase time recorded in Defendant's timekeeping system to avoid paying Plaintiff for hours worked, including overtime.[2] (*Id.*). Plaintiff believes these policies were uniform as applied to all Employees. (Compl. at 6).[3]

The maximum tip credit an employer can currently claim under FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13). *See* Department of Labor's ("DOL") Fact Sheet #15. New Jersey has a higher minimum wage of $8.38 per hour, but also only requires a cash wage of $2.13 to employees who customarily and regularly receive

---

[1] Defendant is located at Rt. 130 & Browning Rd., Brooklawn, New Jersey 08030.
[2] Overtime compensation for hours worked in excess of 40 hours per week must be paid at time and one-half. 29 C.F.R. § 778.5.
[3] Defendant employed Blemings as a server. (Pl. Br. at 3). Defendant paid Blemings a cash wage of $2.15 per hour—the same rate paid to all servers. (*Id.* at 3-4).

tips. (Compl. at 7). An employer must notify tipped Employees of a tip credit before the employer may use the tip credit. DOL Fact Sheet #15. Plaintiff alleges that Defendant did not inform Employees of its intention to take the tip credit nor the amount Defendant intended to claim as a tip credit.[4]

Plaintiff now brings this action on behalf of a nationwide collective class as a collective action pursuant to FLSA. He also brings a class action pursuant to Rule 23 on behalf of himself and the New Jersey class of Employees for claims under New Jersey state law. (Compl. at 10). Plaintiff seeks damages for FLSA minimum wage violations (Count One); FLSA overtime wage violations (Count Two); New Jersey minimum wage violations (Count Three); New Jersey overtime violations (Count Four); and a New Jersey common law unjust enrichment claim (Count Five).

## II. DISCUSSION

<u>Jurisdiction</u>

This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.* Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii)—a substantial part of the alleged acts occurred within this district and Defendant is subject to personal jurisdiction in this district.

Plaintiff petitions the Court to exercise supplemental jurisdiction over his NJWHL and New Jersey common law claims pursuant to the Court's discretionary authority under 28 U.S.C. § 1367(c). Specifically, Plaintiff argues that the Court should exercise supplemental jurisdiction over his state class action claims for minimum wage and overtime because they are "essentially

---

[4] Defendant disputes this, and argues that Plaintiff signed a notification form. (Def. Opp. at 4-9). Plaintiff claims his signature was forged. (*Id.*). Blemings faces the same problem with her signature on the same kind of form, and claims forgery as well. (*Id.*).

identical" to his FLSA collective action claims. (Compl. at 4). Plaintiff continues: the Court should exercise supplemental jurisdiction over his state law claims "because those claims derive from a common nucleus of operative facts." (*Id.*). The Court disagrees.

In light of the Third Circuit's decision in *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003), a district court must analyze whether a plaintiff may bring an FLSA collective action and a state law class action for the same conduct in federal court "through the lens of supplemental jurisdiction." *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182 (W.D. Pa. 2008). Pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367, when a federal court has jurisdiction over a plaintiff's federal claims, the court may also exercise supplemental jurisdiction over the plaintiff's state law claims "that are so related to [the plaintiff's federal] claims . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). As the Third Circuit stated in *De Asencio*, "a district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact[s]' with the claims that supported the district court's original jurisdiction." 342 F.3d at 308 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Importantly, "[w]here 'the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious.'" *Id.* (quoting *Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995)).

In this case, the Court may exercise jurisdiction over both Plaintiff's FLSA and NJWHL claims. Both Plaintiff's FLSA and NJWHL claims allege that Defendant failed to pay him and other Employees proper minimum wage given the employer-claimed tip credit and overtime. Thus, Plaintiff's claims under the FLSA and the NJWHL are connected by a common nucleus of operative facts. Because those facts give rise to claims under both the FLSA and the NJWHL, the Court may exercise supplemental jurisdiction over Plaintiff's NJWHL claim under § 1367(a).

4

*See De Asencio*, 342 F.3d at 308 ("Where the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious.") (internal quotation omitted); *Woodard*, 250 F.R.D. at 183 (finding that district court could exercise supplemental jurisdiction over plaintiff's claims under the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law when defendant's conduct also violated FLSA because claims arose from "common nucleus of operative facts") (citing *Lyon*, 45 F.3d at 761).

Even though 28 U.S.C. § 1367(a) grants the court authority to exercise supplemental jurisdiction over Plaintiff's NJWHL claim, however, a court "*may* decline to exercise supplemental jurisdiction over a [state law] claim . . . if – in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4) (emphasis added). In *Joseph v. Caesar's Entm't Corp. et al.*, 2012 WL 12898816 (D.N.J. July 21, 2011), this Court declined to exercise jurisdiction over the plaintiff's FLSA collective action and NJWHL class action because it determined that a conflict existed between the "opt-in" mechanism created by the FLSA and the "opt-out" mechanism created by Rule 23.[5] (*See Troncone v. Velahos*, 2011 WL 3236219 (D.N.J. July 28, 2011) (same)). Specifically, the Court found that allowing a party to bring a Rule 23 class action for relief based upon the same conduct that gave rise to an FLSA collective action would undermine the Congressional policy of limiting FLSA collective actions to plaintiffs who expressly "opt-in" to the lawsuit. *Troncone v. Velahos*, 2011 WL 3236219. The Court found that the conflict between the "opt-in" and "opt-out" regimes constituted a "compelling reason" for declining to exercise supplemental jurisdiction under § 1367(c)(4). This

---

[5] A plaintiff who seeks to join an FLSA collective action must file a consent in writing with the presiding court. *See* 29 U.S.C. § 216(b). By contrast, "a putative class member of a Rule 23(b)(3) class action is assumed part of the class unless he requests exclusion from, or affirmatively opts out of, the class." *See Woodard*, 250 F.R.D. at 185 (citing Fed. R. Civ. P. 23(c)(2)(B)(v)).

Court dealt with the exact same problem in *Troncone*, and this case presents the same issue again. 2011 WL 3236219.

Plaintiff's FLSA claim alleges that Defendant failed to pay him and other Employees proper minimum wage (given the tip credit issue) and overtime. Plaintiff's NJWHL claim contains the same allegations. Therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state class action under the NJWHL. Accordingly, Plaintiff's Counts Three, Four, and Five are dismissed.

<u>29 U.S.C. § 216(b) Conditional Certification</u>

Plaintiff seeks conditional certification of his FLSA claims. "For an action to proceed as a collective action under § 216(b), (1) class members must be 'similarly situated' and (2) members must affirmatively consent to join the action." *Herring v. Hewitt Assocs., Inc.*, No. 06-267, 2007 WL 2121693, at *2 (D.N.J. July 24, 2007); *see Morisky v. Pub. Serv. Elec. and Gas Co.*, 111 F. Supp. 2d 493, 496 (D.N.J. 2000) ("The primary issue to be decided [in a motion to certify a collective action] is whether the named plaintiffs are sufficiently 'similarly situated' to the opt-in plaintiffs such that this case may proceed as a collective action.") (quoting 29 U.S.C. § 216(b)). The plaintiffs in a proposed collective action bear the burden of showing that they are similarly situated to the remainder of the proposed class. *Morisky*, 111 F. Supp. at 496.

Certification of a collective action occurs in two stages: (1) conditional certification and notice, and (2) final certification. *Ritzer v. UBS Fin. Servs., Inc.*, No. 08-1235, 2008 WL 4372784, *2 (D.N.J. Sept. 22, 2008) (citing *Morisky*, 111 F. Supp. 2d at 496). During the first stage, and "with minimal evidence," the court must determine "whether notice of the action should be given to potential class members." *Morisky*, 111 F. Supp. 2d at 497. "[T]his determination is made using a fairly lenient standard, and typically results in conditional

certification of a representative class." *Id.* (internal citation omitted). In some cases, courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id.* (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).

The second stage occurs "after discovery is largely complete and the case is ready for trial." *Id.* During this phase, the court conducts a "specific *factual analysis of each employee's claim* to ensure that each proposed plaintiff is an appropriate member of the collective action." *Lugo v. Farmer's Pride Inc.*, 737 F. Supp. 2d 291, 299 (E.D. Pa. 2010) (emphasis added). Similar to the first stage, the court makes a "certification decision based on the 'similarly situated' standard, but . . . require[s] a higher level of proof than [is] necessary at the first stage for conditional certification." *Id.* The court considers a variety of factors to determine whether the opt-in plaintiffs are similarly situated, including: (1) the "disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [the] defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *see Ruehl v. Viacom, Inc.*, 500 F.3d 375, 388 n.17 (3d Cir. 2007) ("A representative (but not exhaustive or mandatory) list of relevant factors includes whether the plaintiffs are employed in the same corporate department, division and location; advanced similar claims . . . ; sought substantially the same form of relief; and had similar salaries and circumstances of employment. Plaintiffs may also be found dissimilar on the basis of case management issues, including individualized defenses.") (citations omitted); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987) (noting that court may consider "disparate factual and employment settings of the individual plaintiffs, the various defenses available to defendants, and fairness and procedural

7

considerations" at the second stage of certification). "If the conditional group of plaintiffs does not meet [the applicable] standard at the second stage, the group is then decertified, the opt-in plaintiffs are dismissed without prejudice and any remaining plaintiffs are permitted to move onto the trial stage of the litigation." *Lugo*, 737 F. Supp. 2d at 299.

Here, the allegations are certainly substantial enough to move past the "lenient standard" for conditional certification of a representative class. *Morisky*, 111 F. Supp. 2d at 497. The factual background provided—that the Employees in this case were together the victims of a single, or at least diner-wide, wage policy which resulted in widespread FLSA violations—is sufficient to overcome the "modest factual showing" necessary to proceed. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013) (internal citations omitted); *see Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165 (S.D.N.Y. 2011) (granting conditional certification to tipped employees in a similar alleged tip credit violation case); *Hinckley v. Seagate Hospitality Grp., LLP*, No. 16-CV-6118, 2016 U.S. Dist. LEXIS 152799, *47 (W.D.N.Y. Nov. 3, 2016) (same).

Plaintiff conditionally satisfies the "similarly situated" requirement as well. *Herring*, 2007 WL 2121693, at *2. Plaintiff's claims are about Defendant's conduct—Defendant allegedly paid sub-minimum wage to its Employees, the members of this prospective class. (*See* Compl.; Pl. Br. at 15-16). All the Employees in this case—the potential plaintiffs—were "customer facing, front of house positions" who relied on tips and suffered as a result of the tip credit issue. (Pl. Br. at 16). Plaintiff and his co-workers worked in similar or the same positions, endured the same policies, and were paid in a similar manner. (*Id.*; *see* Compl.). This constitutes similarity, and conditional certification is appropriate at this point. As the statute of limitations on these claims continues to run, judicial notice will provide all Employees the opportunity to pursue their

claims in one forum and will minimize the waste of judicial and party resources in doing so.[6] As such, Defendant will produce appropriate contact information, described in the accompanying order, to facilitate notice to these potential opt-in plaintiffs.

## III.  CONCLUSION

For the reasons stated above, Plaintiff's motion to certify a class pursuant to Fed. R. Civ. P. 23 and to conditionally certify a collective class pursuant to 29 U.S.C. § 216(b) is **GRANTED IN PART** and **DENIED IN PART**. An appropriate order shall issue.


Dated:   03/08/2018                                             s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge

---

[6] According to Plaintiff's brief, there appears to be over two hundred and thirty potential Plaintiffs.