IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| OSCAR CASCO, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff(s), | : : | Civil No. 16-2084 (RBK) |
| | : : | **OPINION** |
| v. | : : : | |
| PONZIOS RD, INC. d/b/a METRO DINER; and Doe Defendants 1-10, | : : : | |
| Defendant(s). | : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon plaintiff Oscar Casco's ("Casco") motion for reconsideration (Doc No. 38) of this Court's March 8, 2018 Opinion and Order (Doc. No. 35; Doc. No. 36). For the reasons discussed below, Casco's motion for reconsideration is **GRANTED**.

I.     **FACTUAL BACKGROUND**[1]

This case stems from alleged violations of the Fair Labor Standards Act of 1936 ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL") arising from the tip crediting and overtime pay policies of defendant Ponzios RD, LLC, doing business as Metro Diner ("Defendant," or "Metro"). 29 U.S.C. § 201 *et seq.*; N.J. Stat. Ann. 34:11-56a *et seq.* Casco

---

[1] The Factual Background remains functionally the same as in this Court's March 8, 2018 Opinion (Doc. No. 35), with the exception of the final paragraph detailing this Court's dismissal of Plaintiffs' New Jersey state law claims.

sought to certify a class of all waiters/waitresses, servers, bussers, and bartenders (collectively, "Employees")[2] who are or were subjected to Defendant's pay practices. (*See* Compl.).

Casco is a New Jersey resident who was employed by Defendant as a busser at its Brooklawn, New Jersey location from September 2015 through February 2016.[3] (*Id.* at 3). Opt-in plaintiff Tina Blemings's ("Blemings," collectively with Casco, "Plaintiffs") citizenship is not plead or mentioned in the relevant briefing here, but she worked as a server for Defendant. (Pl. Br. at 3). According to Defendant's website, Metro is a "family dining establishment." (*Id.* at 4, *see* http://www.themetrodiner.com/).

Plaintiffs allege that they and other Employees were systemically underpaid in violation of the FLSA and NJWHL. (Compl. at 5). Casco earned $3.50 hourly while working for Defendant. (*Id.* at 5). Blemings earned $2.15 per hour—the same rate paid to all servers. (*Id.* at 3-4). Casco alleges that he worked forty to forty-seven hours per week but was only compensated for thirty-six to thirty-eight hours per week. (*Id.*). Casco claims he was denied overtime pay for every hour he worked over forty in a workweek. (*Id.*). Casco also participated in a tip pool. (Compl. at 6). The servers paid him directly and he earned $2.00-$3.00 per hour in tips. (*Id.*). Plaintiffs maintain that Defendant never adjusted Plaintiffs' hourly rates despite their earning insufficient tips to cover the tip credit Defendant took on their behalf. (*Id.*). Plaintiffs also claim that Defendant would occasionally erase time recorded in Defendant's timekeeping system to avoid paying Plaintiffs for hours worked, including overtime.[4] (*Id.*). Plaintiffs believe these policies were uniform as applied to all Employees. (Compl. at 6).

---

[2] These include over 230 potential class members. (*See* Wells Decl. par. 45).
[3] Defendant is located at Rt. 130 & Browning Rd., Brooklawn, New Jersey 08030.
[4] Overtime compensation for hours worked in excess of 40 hours per week must be paid at time and one-half. 29 C.F.R. § 778.5.

The maximum tip credit an employer can currently claim under FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13). *See* Department of Labor's ("DOL") Fact Sheet #15. New Jersey has a higher minimum wage of $8.38 per hour, but also only requires a cash wage of $2.13 to employees who customarily and regularly receive tips. (Compl. at 7). An employer must notify tipped Employees of a tip credit before the employer may use the tip credit. DOL Fact Sheet #15. Plaintiffs allege that Defendant did not inform Employees of its intention to take the tip credit nor did it inform them of the amount Defendant intended to claim as a tip credit.[5]

Casco brought this action (which Blemings subsequently joined) on behalf of a nationwide collective class as a collective action pursuant to FLSA. Casco also brought a class action pursuant to Rule 23 on behalf of himself and the New Jersey class of Employees for claims under New Jersey state law. (Compl. at 10). Plaintiffs seek damages for FLSA minimum wage violations (Count One); FLSA overtime wage violations (Count Two); New Jersey minimum wage violations (Count Three); New Jersey overtime violations (Count Four); and a New Jersey common law unjust enrichment claim (Count Five).

On March 8, 2018, this Court considered Plaintiffs' motion to certify a class pursuant to Fed. R. Civ. P. 23 and to conditionally certify a collective class pursuant to 29 U.S.C. § 216(b) (Doc. No. 35). We granted Plaintiffs' motion in part and denied it in part. (March 8, 2018 Opinion at 1). We determined that the Court could exercise jurisdiction over both Plaintiffs' FLSA and NJWHL claims. (*Id.* at 4). We dismissed the NJWHL claims, however, because of an

---

[5] Defendant disputes this, and argues that Casco signed a notification form. (Def. Opp. at 4-9). Casco claims his signature was forged. (*Id.*). Blemings faces the same problem with her signature on the same kind of form, and claims forgery as well. (*Id.*).

incorrectly perceived conflict between Rule 23's opt-out regime and FLSA's opt-in regime. (*Id.* at 5). We address Plaintiffs' Motion for Reconsideration of that dismissal today.

## II.     DISCUSSION[6]

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration by the court on matters which it believes the court overlooked when it ruled on the motion. *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 449 (D.N.J. 2008). To prevail on a motion for reconsideration, the movant must show: (1) an intervening change in the law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

<u>Supplemental Jurisdiction</u>

This Court previously determined that it may exercise jurisdiction over both Plaintiffs' FLSA and NJWHL claims. (March 8, 2018 Opinion at 4). Pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367, when a federal court has jurisdiction over a plaintiff's federal claims, the court may also exercise supplemental jurisdiction over the plaintiff's state law claims "that are so related to [the plaintiff's federal] claims . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). We determined that Plaintiffs' FLSA and NJWHL claims arose from a common nucleus of operative facts—they both relied on Plaintiffs' allegations that Defendant failed to pay them and other employees proper minimum wage given

---

[6] This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.* Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii)—a substantial part of the alleged acts occurred within this district and Defendant is subject to personal jurisdiction in this district.

the employer-claimed tip credit and overtime. (March 8, 2018 Opinion at 4); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003) ("Where the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious").

This Court declined, however, to exercise supplemental jurisdiction over Plaintiffs' state law claims because of a perceived conflict between Rule 23's opt-out policy and FLSA collective action claims' opt-in policy. (March 8, 2018 Opinion at 5 ("allowing a party to bring a Rule 23 class action for relief based upon the same conduct that gave rise to an FLSA collective action would undermine the Congressional policy of limiting FLSA collective actions to plaintiffs who expressly opt-in to the lawsuit") (internal citations omitted)). This was incorrect.

In *Knepper v. Rite Aid Corp.* the Third Circuit determined that such a conflict between class regimes may not mean the parallel claims are "inherent[ly] incompatible." 675 F.3d 249, 253 (3d Cir. 2012). We overlooked that decision, and correct that error today. In light of this Court's previous determination that the supplemental jurisdiction requirements are met under 28 U.S.C. § 1367, we proceed to whether Rule 23 certification is proper.

Rule 23 Certification

Plaintiffs seek class certification of a class of "[a]ll current and former Tipped Employees who have worked for Defendant in the State of New Jersey at any point from April 14, 2014 through the present." (*See* Pl. Br. at 33). In order to satisfy the requirements for class certification under Rule 23, a plaintiff must satisfy the four necessary elements, and the requirements of one of the three subsections in Rule 23(b). *Bell v. Lockheed Martin Corp.*, No. 08-6292, 2011 WL 6256978, at *2 (D.N.J. Dec. 14, 2011) (citing *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 776 (3d Cir. 2009)).

Rule 23(a) provides that class certification may be proper if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Plaintiffs seek certification pursuant to subsection (b)(3), which provides for certification if:

> [T]he questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> A. the class members' interests in individually controlling the prosecution or defense of separate actions;
> B. the extent and nature of any litigation concerning the controversy already begun by or against class members;
> C. the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> D. the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Plaintiffs bear the burden of demonstrating that Rule 23's requirements are met by a preponderance of the evidence, and the district court "must make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments presented by the parties." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 306 (3d Cir. 2008). The class may not be "amorphous, vague, or indeterminate" and it must be "administratively feasible to determine whether a given individual is a member of the class." *White v. Williams*, 208 F.R.D. 123, 129 (D.N.J. 2002). Courts have certified analogous Rule 23 classes in similar cases. *See Koenig v. Granite City Food & Brewery, Ltd.*, 2017 WL 2061408, *6 (W.D. Pa. May 11, 2017); *Verma v. 2001 Castor, Inc.*, 2016 WL 6962522, *14 (E.D. Pa. Nov. 29, 2016); *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 306-7 (N.D. Ill. 2010); *Velez v. 111 Atlas Rest. Corp.*, 2016 WL 9307471, *24 (E.D.N.Y. Aug. 11, 2016) (all granting class

certifications in cases that included disputed tip credits or disputed tip credit notices).

*(1) Numerosity*

There is not a specific threshold number needed to satisfy the numerosity requirement—instead, the individual facts of a given case must be examined. *Gen. Tel. Co. of the Nw., Inc. v. Equal Emp't Opportunity Comm'n*, 446 U.S. 318, 330 (1980). In the Third Circuit, a plaintiff who demonstrates that the potential number of plaintiffs exceeds 40 satisfies the numerosity requirement. *Stewart v. Abraham*, 275 F.3d 220 (3d Cir. 2001).

Based on Defendant's discovery responses, there appear to be over 230 Employees in New Jersey during the class period. (Pl. Mot. at 22; Wells Decl. par. 45). Numerosity is satisfied.

*(2) Commonality*

To meet the commonality requirement, class members' claims must "depend upon a common contention" that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *King Drug Company of Florence, Inc. v. Cephalon, Inc.*, 309 F.R.D. 195, 207 (E.D. Pa. 2015) (quoting *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury. *Wal-Mart*, 131 S. Ct. at 2551 ("Dissimilarities within the proposed class are what have the potential to impede the generation of common answers"). The requirement may be satisfied by a single common issue—it is met here. *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994).

Despite Defendant's contentions to the contrary, this requirement is satisfied. The allegations of improper use of the tip credit for all Employees, standard tip credit notification policy, standard compensation policy, minimum wage deficiency, and statutory and regulatory compliance are all questions common to the class. *Garcia v. E.J. Amusements of N.H., Inc.*, 98 F.

Supp. 3d 277, 286 (D. Mass. 2015) ("Wage claims involving system-wide practices or policies are appropriate for class treatment because establishing liability for one employee necessarily establishes liability for the entire class."). The ultimate numbers for each Employee may be different, but that does not defeat commonality.[7]

*(3) Typicality*

The question here is whether the individual claim of the class representative will fairly represent the absentees' interests. *Baby Neal*, 43 F.3d at 57. This requirement "is intended to preclude certification of those cases where the legal theories of the named plaintiffs potentially conflict with those of the absentees by requiring that the common claims are comparably central to the claims of the named plaintiffs as to the claims of the absentees." *Id.*

Here, Plaintiffs and the rest of the proposed class members share the interest of proving that Defendant has violated the NJWHL. While the Court notes—as Defendant suggests—that Plaintiffs might face issues with the allegedly forged signatures on their notification forms, their actual claims are nevertheless the same as those of the rest of the class members. (Def. Opp. at 4-9, 21-23). This requirement is thus met.

*(4) Fair and Adequate Class Representation*

This requirement is two-pronged. First, the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation. *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975). Second, the plaintiff must not have interests antagonist to those of the class. *Id.* In short, this requirement is to ensure that there are not conflicts of interest between the named parties and those they seek to represent. *Amchem Prods., Inc. v. Windsor*,

---

[7] On that note, the fact that Plaintiffs are not aware of other Employees' "precise hours" is immaterial. (Def. Opp. at 19). The issues themselves are the same.

521 U.S. 591, 625 (1997).

Plaintiffs' attorneys appear to this Court to be qualified, experienced, and able to conduct this litigation. A court in this Circuit recently wrote: "[Plaintiffs' attorney has] extensive experience litigating wage-related employment matters in various district courts," and his client's success "would not have been achieved without counsel's skill and experience." *Graudins v. Kop Kilt, LLC*, 2017 U.S. Dist. LEXIS 25926, *11, *14 (E.D. Pa. Feb. 24, 2017). This Court sees no reason to disagree. Second, this Court does not see any outstanding conflicts of interest between the named parties and those they seek to represent. *Amchem*, 521 U.S. at 625. Plaintiffs have testified and responded to discovery requests. It appears that they are ready and able to prosecute this case on behalf of their fellow class members. This requirement is also satisfied.

*23(b)(3) Predominance Requirement*

The "predominance test asks whether common issues of law or fact in the case predominate over non-common, individualized issues of law or fact . . . Predominance begins, of course, with the elements of the underlying cause of action." *Neale v. Volvo Cars of North America, LLC*, 794 F.3d 353, 370 (3d Cir. 2015) (internal quotations omitted). District courts must make "some prediction as to how specific issues will play out." *In re Hydrogen Peroxide*, 552 F.3d at 311. If common issues overwhelm individual ones, predominance is satisfied. *Neale*, 794 F.3d at 371.

Here, the fundamental common issues include whether Defendant illegitimately claimed a tip credit and whether Employees were improperly denied overtime and thus systemically underpaid. A concern for Plaintiffs, though, is their shared forgery defense. (Def. Opp. 4-9). But this issue is not prohibitive. Plaintiffs allege that Defendant's tip credit notice failed to provide them with proper notice and every Employee received the same flawed notice. Furthermore,

Defendant took an identical tip credit from each Employee. (Ex. A 143:19-23). The alleged mandatory meetings are also likely important—all Employees, according to Defendant's own testimony, had to attend before clocking in or after clocking out and thus all Employees were allegedly systemically underpaid. (Ex. A 29:6-21; 30:14-31:1). These common issues—on balance—predominate over Plaintiffs' documentation issues.

*23(b)(3) Class Action Superiority*

Plaintiffs "must demonstrate that resolution by class action will achieve economies of time, effort, and expense, and promote . . . uniformity of decision to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results." *King Drug*, 209 F.R.D. at 214 (citing *Amchem*, 521 U.S. at 615).

The above-mentioned 23(b)(3) factors weigh towards class action certification. It is unlikely that most members of the class will have the time, energy, or economic interest to pursue potentially small individual claims. Defendant operates a business with many potentially transient workers who may have worked a small to moderate number of hours at or near the minimum wage. The incentives to bring individual suits are not strong.

This Court provides a relatively convenient forum for the parties. Defendant needs only to defend itself here—the business itself is located in this vicinage. The relative costs for all parties in proceeding in this forum are minimized. Furthermore, there do not appear to be any significant issues in managing this (a) as a class action; and (b) in this Court.

<u>23(g) Class Counsel Appointment</u>

When a court certifies a class, it must appoint class counsel. Fed. R. Civ. P. 23(g). The factors it must consider are: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex

litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.* at 23(g)(1).

Plaintiffs have proposed Gerald D. Wells III, and this Court accepts the suggestion. Counsel has investigated and pursued these claims. Counsel has the requisite managerial and litigation experience. (Wells Decl. at para. 14, 19-20). As mentioned, the *Graudins* court was suitably impressed. 2017 U.S. Dist. LEXIS 25926, at *29. This Court sees no reason to disagree, and appoints Mr. Wells as class counsel.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' motion for reconsideration is **GRANTED**. We vacate the March 8, 2018 Order's (Doc. No. 36) dismissal of Counts Three, Four, and Five, and Fed. R. Civ. P. 23 Class Certification is hereby **GRANTED** as to Counts Three, Four, and Five.

Dated:   04/29/2018                                                                         s/Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge