NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| OSCAR CASCO, individually and on behalf of all others similarly situated, | |
| Plaintiff(s), | Civil No. 16-2084 (RBK/JS) |
| v. | **OPINION** |
| PONZIOS RD, INC. d/b/a METRO DINER; and Doe Defendants 1-10, | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Ponzios RD, LLC's, doing business as Metro Diner, ("Defendant") motion for reconsideration (Doc. No. 47) of this Court's April 30, 2018 Opinion and Order (Doc. No. 44) reversing and revising in part its earlier March 8, 2018 decision (Doc. No. 36) and certifying Oscar Casco's ("Plaintiff") state class action claim against Defendant. For the reasons set forth below, Defendant's motion for reconsideration of the certification of Plaintiff's class is **DENIED**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

The facts of this case have not significantly changed since this Court's opinion granting Plaintiff's motion for reconsideration as to the certification of a class action under New Jersey state law. *See Casco v. Ponzios RD, Inc.*, No. 16-2084, 2018 WL 2002787, at *1-2 (D.N.J. Apr. 30, 2018). Plaintiff, an employee at Defendant's restaurant, alleges that Defendant engaged in

---

[1] The facts remain the same as they were in this Court's April 30, 2018 order (Doc. No. 44).

1

several illegal practices that resulted in the systematic underpayment of Plaintiff and the class he sought to represent, in violation of both federal and state law. Plaintiff brought this suit on behalf of a nationwide collective class as a collective action, pursuant to the Fair Labor Standards Act, and on behalf of all other similarly situated employees of Defendant in New Jersey, pursuant to the New Jersey Wage and Hour Law. After granting Plaintiff's motion for reconsideration, the Court vacated in part the March 8, 2018 Order's dismissal of Plaintiff's class action claims under New Jersey state law and certified the proposed class pursuant to Federal Rule of Civil Procedure 23.

Defendant responded to the Court's April 30, 2018 class certification order on May 15, 2018 with a motion for reconsideration (Doc. No. 47-2) asking the Court to reverse its decision to certify the class with respect to the state-law claims. Plaintiff responded on June 4, 2018 with a memorandum opposing Defendant's motion for reconsideration. (Doc. No. 48). Defendant did not file a reply to Plaintiff's memorandum in opposition to the motion for reconsideration.

**II.     STANDARD**

   **A. Motion for Reconsideration**

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration by the court in matters which the party believes the judge has "overlooked." *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 449 (D.N.J. 2008); *Carney v. Pennsauken Twp. Police Dep't.*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the

burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

### B. Rule 23 Certification

This Court certified Plaintiff's class, pursuant to Federal Rule of Civil Procedure 23, in regards to Plaintiff's New Jersey state-law claims. In order to satisfy the requirements for class certification under Rule 23, a plaintiff must satisfy the four necessary elements contained in Rule 23(a) and the requirements of one of the three subsections in Rule 23(b). *Bell v. Lockheed Martin Corp.*, No. 08-6292, 2011 WL 6256978, at *2 (D.N.J. Dec. 14, 2011) (citing *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 776 (3d Cir. 2009)).

Rule 23(a) provides that class certification may be proper if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

To meet the second requirement of Rule 23(a), commonality, class members' claims must "depend upon a common contention" that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *King Drug Company of Florence, Inc. v. Cephalon, Inc.*, 309 F.R.D.195, 207 (E.D. Pa. 2015) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury, and that they are able to generate common answers to address the injury. *See Wal-*

*Mart*, 564 U.S. at 350. ("Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.")

### III. DISCUSSION AND ANALYSIS

Defendant asserts that the Court erred in granting Plaintiff's motion for reconsideration and subsequently certifying Plaintiff's class under Federal Rule of Civil Procedure 23. Defendant argues that this Court failed to consider *Wal-Mart Stores, Inc. v. Dukes* when deciding that Plaintiff's state-law claims could be properly certified. 564 U.S. 338. Defendant argues that, had this Court considered *Wal-Mart*, it would be forced to conclude that Rule 23 class certification is improper in this case because the proposed class of plaintiffs fails to show commonality.

The Court, however, did not fail to consider *Wal-Mart*. In analyzing the certification of Plaintiff's state class action claims, the Court cited *Wal-Mart* itself as well as cases citing *Wal-Mart*. *See Casco*, 2018 WL 2002787 at *4 (citing *King Drug Company of Florence, Inc. v. Cephalon, Inc.*, 309 F.R.D. 195, 207 (E.D. Pa. 2015)). Even a cursory reading of the Court's opinion would be enough to see that this Court did in fact consider *Wal-Mart*. The Court found that, consistent with the *Wal-Mart* ruling, the class members' claims "depend[ed] upon a common contention." *Wal-Mart*, 564 U.S. at 350. "[A]llegations of improper use of the tip credit for all [e]mployees, standard tip credit notification policy, standard compensation policy, minimum wage deficiency, and statutory and regulatory compliance are all questions common to the class." *Casco*, 2018 WL 2002787 at *4. While the potential damages for each Employee may be different, that does not defeat commonality under *Wal-Mart*.

Defendant contends that even if there are common questions across the members of the class, there are "no common answers apt to drive the resolution of litigation." *Wal-Mart*, 564 U.S. at 350. This Court disagrees—a finding that Defendant either did or did not violate the tip credit

4

system or practice class-wide minimum wage deficiencies "would resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. While the amount owed to each class member if a violation were to be found may vary, this does not result in the type of problem the court in *Wal-Mart* was contemplating.

The Court did not fail to consider *Wal-Mart* in its analysis of Plaintiff's class certification, and no clear error of law resulting in manifest injustice occurred as a result of its alleged failure. *Max's Seafood Café*, 176 F.3d at 677.

### IV.  CONCLUSION

For the reasons set forth above, Defendant's motion for reconsideration is **DENIED**. An appropriate order will be entered.

Dated:  06/18/2018                                          /s Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge