IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| OSCAR CASCO, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff(s),<br>v.<br><br>PONZIOS RD, INC. d/b/a METRO DINER; and Doe Defendants 1-10,<br><br>                  Defendant(s). | Civil No. 16-2084 (RBK/JS)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter is before the Court on the partial summary judgment motion of Plaintiffs Oscar Casco and Tina Blemings ("Plaintiffs"). (Doc. Nos. 76, 77.) For the reasons below, Plaintiffs' motion is **GRANTED IN PART**.

**I.    BACKGROUND**[1]

---

[1] The facts are drawn from the parties' Statements of Material Facts ("SMF") and the relevant record evidence. Defendant's counsel, however, has complicated the Court's task in assessing the record by disregarding Local Civil Rule 56.1. That rule requires the non-movant to file a responsive statement of material facts that addresses each paragraph of the movant's statement. *See* L. Civ. R. 56.1(a). A proper responsive statement either "denies the fact is material, admits the material fact, or denies the material fact by counter proofs conforming to the rules of evidence." *Owens v. Am. Hardware Mut. Ins. Co.*, No. 11-cv-6663, 2012 WL 6761818, at *3, n.4 (D.N.J. Dec. 31, 2012). Yet here, Defendant provided only a "Supplemental Statement of Facts" (Doc. No. 87-15) that does not directly address Plaintiffs' statement (Doc. No. 77-1). The Court thus treats Plaintiffs' properly supported statements as undisputed unless directly and properly refuted in Defendant's supplemental statement. *See Schneider v. Shah*, No. 11-cv-2266, 2012 WL 1161584, at *3 (D.N.J. Apr. 9, 2012) (treating movant's statements as undisputed when the non-movant failed to file the required responsive statement of material facts and statement of facts in non-movant's opposition brief did not "specifically address any paragraph" of the movant's statement as required under Local Civil Rule 56.1).

This employment dispute concerns whether Defendant Ponzios RD, doing business as Metro Diner, could pay its "tipped employees" like bussers and servers less than the minimum wage by using a "tip credit" under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

### A. The Parties

Defendant Metro Diner employed Casco as a busser and Blemings as a server at its New Jersey location in Brooklawn, New Jersey. (Def.'s SMF at ¶¶ 1, 6.) Casco worked as a busser for about six months beginning in May 2014. (Pls.' SMF at ¶ 4.) As a busser, Casco earned $3.50 per hour. (Def.'s SMF at ¶ 3.) Blemings, by contrast, worked for Defendant for about four years beginning in May 2011, largely as a server. (Def.'s SMF at ¶ 4.) As a server, Blemings earned $2.15 per hour. (Pls.' SMF at ¶ 8.) Both Casco and Blemings earned the remainder of their wages through tips left by customers. (*Id.* at ¶¶ 6, 9.)

Defendant considered employees who earned both wages and tips to be "tipped employees." (Kolovos Dep., Pls.' Ex. A, at 37:2–25.) Plaintiffs represent a certified class of tipped employees under Federal Rule of Civil Procedure 23 (Doc. Nos. 44, 45) and a collective class of individuals who have opted-in to this action under 29 U.S.C. § 216(b) (Doc. No. 35). Defendant is no longer in business. (Pls.' SMF at ¶ 1 n.1.)

### B. Employee Payment and Tip Credit

Although Defendant paid its tipped employees below the minimum hourly wage under New Jersey and federal law, Defendant attempted to meet its minimum wage obligations by using a "tip credit," which allowed Defendant to count tipped employees' additional income in tips towards the required minimum wage. (*Id.* at ¶¶ 6, 9, 11.) Defendant also allowed tipped employees to eat meals during their shifts and applied a ten dollar "meal credit" to each employees' gross weekly pay. (Def.'s SMF at ¶ 43.) Plaintiff alleges that whether or not tipped

employees were scheduled for shifts, Defendant held periodic mandatory meetings for them and did not require off-the-clock tipped employees in attendance to clock in before the meetings. (Pls.' SMF at ¶¶ 51–53.)

Defendant provided paperwork to its tipped employees about its intention to claim a tip credit. One such form is entitled "Metro Diner Notice to Tipped Employees" ("Notice"). (Doc. No. 77, Pls.' Ex. D, E; Doc. No. 87, Def.'s Ex. E, G.) In the Notice, Defendant stated that the United States Department of Labor's ("DOL") Tip Credit Notice regulations and Section 203(m) of the FLSA required it to disclose certain information to its tipped employees. (*Id.*; *see also* Def.'s SMF at ¶ 13.) This information is also summarized in the DOL's Fact Sheet # 15. (Pls.' SMF at ¶ 15.) Accordingly, the Notice informed tipped employees that:

- The <u>amount of cash wages</u> to be paid to you per hour will be:

    $2.15 per hour for waitstaff/servers.
    $3.50 per hour for buspersons/bussers.

- <u>It is your responsibility to declare/report all tips received</u>. Assuming you have received a sufficient amount of tips (at least the amount per hour reflected below), this amount will be the tip credit your employer . . . will take and credited to you as wages paid:

    $6.23 per hour for waitstaff/servers.
    $4.88 per hour for buspersons/bussers.

(Def.'s SMF at ¶ 13.) The Notice further informed tipped employees, in all capital letters, that:

> UNLESS WE ARE INFORMED OTHERWISE WE WILL ASSUME THAT AT THE VERY LEAST THE ABOVE NOTED TIP CREDIT AMOUNTS (no less) HAVE BEEN RECEIVED IN YOUR PAY WEEK AND WILL BE CREDITED TO YOU AS WAGES AND TAXED ACCORDING TO THE LAW.

(*Id.*)

Casco testified that he did not believe that he signed a Notice with this information because he was not sure if the signature on the page was his. (*Id.* at ¶ 14.) Blemings also stated

3

that even though her name appears on a virtually identical Notice, the signature may not be hers. (*Id.* at ¶¶ 25–27, 30–31.)

Although neither Casco nor Blemings knew if Defendant provided similar Notices to other tipped employees, (*id.* at ¶¶ 15, 28), Defendant's co-owner, Dimitrios Kolovos, testified that Defendant provided the Notice to all tipped employees. (Pls.' SMF at ¶ 12.) Kolovos also testified that Defendant used the Notice since about 2012, around when the DOL issued regulations relating to an employer's ability to claim a tip credit. (Kolovos Dep. at 48:11–49:23.)

In distributing the Notices to tipped employees, Defendant did not provide them additional information about the tip credit aside from the Notices' contents. (Pls.' SMF at ¶ 21; Kolovos Dep. at 152:13–153:13.) When asked, for example, if Defendant explained the Notice to tipped employees upon their distribution, Kolovos testified that he considered the form to be "pretty self-explanatory" and that employees were to read the document and reach out with questions. (*Id.* at 153:15–153:25.) Similarly, when asked if Defendant instructed anyone in management to explain the documents to tipped employees, Kolovos answered "[a]gain, they were instructed to give [tipped employees] the documents, to have them read it [and] have them sign it." (*Id.* at 154:1–8.) Kolovos also testified that to the extent Defendant gave its tipped employees verbal information about the tip credit, that verbal information consisted of the same information contained in the Notice, except that the minimum wage amounts could change depending on the year. (*Id.* at 153:1–13; Def.'s SMF at ¶ 33.)

### C. Procedural History

On April 14, 2016, Casco brought this action (which Blemings subsequently joined) on behalf of a nationwide collective class as a collective action under the FLSA. (Doc. No. 1.) Casco also brought a class action under Federal Rule of Civil Procedure 23 on behalf of himself

and a New Jersey class of tipped employees. (*Id.*) The Complaint contains five counts: (1) FLSA minimum wage violations (Count One); (2) FLSA overtime wage violations (Count Two); (3) New Jersey minimum wage violations (Count Three); (4) New Jersey overtime violations (Count Four); and (5) a New Jersey common law unjust enrichment claim (Count Five). (*Id.*) In answering the Complaint, Defendant denied, among other things, that it failed to properly notify tipped employees of its intention to claim a tip credit and pay them less than the minimum wage. (Doc. No. 9 at ¶¶ 44–50, 71–77.)

Plaintiffs now seek summary judgment under the FLSA and the NJWHL as to the defense that Defendant complied with the legal requirements to pay its tipped employees less than the minimum wage by claiming a tip credit. (Doc. No. 77 ("Pls.' Br.").)

Throughout the pendency of Plaintiffs' summary judgment motion, discovery continued in this case. On November 9, 2018, Magistrate Judge Schneider granted Defendant leave to conduct discovery of ten opt-in plaintiffs and extended pretrial factual discovery until February 28, 2019. (Doc. No. 83.) On February 22, 2019, Judge Schneider subsequently extended the pretrial factual discovery deadline to April 30, 2019. (Doc. No. 89.) Most recently, Judge Schneider directed all plaintiffs who have not yet responded to Defendant's discovery requests to do so by March 8, 2019. (Doc. No. 90.)

Shortly thereafter, Defendant filed a letter to Judge Schneider dated March 13, 2019, stating that some opt-in plaintiffs have still not responded to Defendant's discovery requests and seeking leave to conduct discovery of six alternative opt-in plaintiffs. (Doc. No. 91.) Defendant, however, filed no affidavit with this Court to show that it could not adequately respond to Plaintiffs summary judgment motion without that discovery. In fact, Defendant opposed Plaintiff's motion (Doc. No. 87 ("Def.'s Br.")), which the Court now considers.

5

## II. LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Id.* The movant bears the burden of showing the absence of a "genuine issue of material fact." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The party may satisfy its burden by "produc[ing] evidence showing the absence of a genuine issue of material fact" or "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

If the movant makes this showing, the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmovant must "point to concrete evidence in the record that supports each and every essential element of his case." *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995). "When opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 F. App'x 353, 354 (3d Cir. 2007) (quoting *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). The Court's role is not to weigh the evidence and decide the truth, but to determine if there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In making that decision, "[a]ll facts and inferences are construed in the light most favorable to the non-moving party," *Boyle v. Cnty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998), and credibility

determinations are for the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

Plaintiffs argue that they are entitled to summary judgment for two reasons, one legal and one factual. First, Plaintiffs contend that Defendant did not comply with the legal notification requirements to claim a tip credit under the FLSA and the NJWHL. (Doc. No. 88 ("Pls.' Rep. Br.") at 2.) Second, "and assuming *arguendo* that the Court does not wish to address the notification issue," Plaintiffs contend that "the facts of the case demonstrate that Defendant could not properly claim" a tip credit. (*Id.*; *see also* Pls.' Br. at 3.)[2] In opposition, Defendant argues that the information it gave to its tipped employees satisfied the legal requirements to take a tip credit and that the facts do not support Plaintiffs' claim that Defendant lost its right to claim a tip credit. (Def.'s Br. at 1–3.) Defendant also claims that genuine disputes of material fact prevent summary judgment and that summary judgment is premature because of outstanding discovery of opt-in plaintiffs. (*Id.* at 3.)

For the reasons below, the Court agrees with Plaintiffs' legal argument that Defendant did not meet the notification requirement to take a tip credit under the FLSA and thus need not reach the parties' fact-based arguments at this time. But as to the same claim under the NJWHL, Plaintiffs have not met their burden to obtain summary judgment.

---

[2] Specifically, Plaintiffs argue that Defendant lost its right to claim a tip credit because Defendant: (1) took a meal credit for all tipped employees without regard for the actual cost of the meals received or whether they actually ate a meal; (2) improperly recorded tips for tipped employees sufficient to equal minimum wage for each shift even when the tipped employees did not receive that amount in tips; and (3) required mandatory attendance at staff meetings for all tipped employees, whether or not they were clocked in. (*Id.*)

7

## A. FLSA Tip Credit

The FLSA requires employers to pay employees a minimum hourly wage. *See* 29 U.S.C. § 206(a). But there are exceptions to this rule. One such exception, known as the "tip credit," allows an employer to pay a "tipped employee" less than the minimum hourly wage if the employees' wages and tips, added together, meet or exceed the required minimum wage. *See Rong Chen v. Century Buffet & Rest.*, No. 09-cv-1687, 2012 WL 113539, at *5 (D.N.J. Jan. 12, 2012) (citing 29 U.S.C. § 203(m)).[3] The parties do not dispute that Plaintiffs are "tipped employees." *See* 29 U.S.C. § 203(t) (defining "tippled employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips").

The tip credit exception is available to an employer "only if the employer informs the tipped employee that her wage is being decreased under section 3(m)'s tip-credit provision." *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 403 (3d Cir. 1994). One such provision states that "[t]he amount on account of tips may not exceed the value of the tips actually received by an employee." 29 U.S.C. § 203(m)(2)(A). The regulations implementing Section 203(m) also require an employer to notify tipped employees of this and other information. *See* 29 C.F.R. § 531.59(b). Specifically, the regulation requires an employer claiming a tip credit to notify tipped employees that:

> The amount of the cash wage that is to be paid to the tipped employee by the employer; *the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee*; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

---

[3] Courts sometimes refer to this provision of the FLSA as "Section 3(m)." *See Wright v. Ristorante La Buca Inc.*, No. 18-cv-2207, 2018 WL 5259469, at *4 n.62 (E.D. Pa. Oct. 22, 2018).

8

*Id.* (emphasis added).[4]

This "notice requirement is a firm one" *Reich*, 28 F.3d at 404, and courts "strictly construe[]" it to require an employer to "take affirmative steps to inform affected employees of the employer's intent to claim the tip credit." *Perez v. Lorraine Enterprises, Inc.*, 769 F.3d 23, 27 (1st Cir. 2014); *see also Lawrence v. City of Philadelphia, Pa.*, 527 F.3d 299, 310 (3d Cir. 2008) ("FLSA exemptions should be construed narrowly, that is, against the employer."). Accordingly, the employer bears the burden of showing that it satisfied the notice requirement, and if the employer does not, "then no tip credit can be taken and the employer is liable for the full minimum-wage." *Reich*, 28 F.3d at 403. "If the penalty for omitting notice appears harsh, it is also true that notice is not difficult for the employer to provide." *Id.* (quoting *Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992)).

Here, the parties dispute whether Defendant adequately informed its tipped employees of all the required information—specifically, that the amount of tips Defendant intended to take as a credit against its minimum wage obligation could not exceed the amount of tips a tipped employee actually received. Defendant claims that the following language in its Notice "clearly

---

[4] The parties agree that to claim a tip credit, Defendant must notify tipped employees of the information contained in 29 C.F.R. § 531.59(b), which the DOL promulgated in May 2011. (Def.'s Br. at 19; Pls.' Br. at 11–12.) Given the parties' agreement on this issue, the Court need not address whether and to what extent there may be inconsistency in the pre and post regulation caselaw regarding what information an employer must give tipped employees before an employer satisfies its notification obligations under the FLSA. *See Acosta v. A.C.E. Rest. Grp., Inc.*, No. 15-cv-7149, 2017 WL 2539387, at *4 n.3 (D.N.J. June 12, 2017) (noting that "[b]efore the USDOL finalized 29 C.F.R. § 531.59(b), opinions differed to some extent about what was required to 'inform' employees about the provisions of § 203(m)" (citation omitted)). Indeed, after the regulation's implementation—and as the parties agree here—courts have required a defendant to inform tipped employees of the information contained in 29 C.F.R. § 531.59 to claim a tip credit. *See, e.g.*, *Acosta*, 2017 WL 2539387, at *4 n.3 (D.N.J. June 12, 2017); *Wright*, 2018 WL 5259469, at *5.

indicates to employees that the tip credit will only be taken in an amount that does not exceed actual tips" earned:

> UNLESS WE ARE INFORMED OTHERWISE WE WILL ASSUME THAT AT THE VERY LEAST THE ABOVE NOTED TIP CREDIT AMOUNTS (no less) HAVE BEEN RECEIVED IN YOUR PAY WEEK AND WILL BE CREDITED TO YOU AS WAGES AND TAXED ACCORDING TO THE LAW.

(Def.'s Br. at 20.)

Plaintiffs, however, claim that this language is deficient. According to them, "it defies any reasonable interpretation of the English language to interpret that passage as even arguably notifying [tipped employees] that Defendant's tip credit could not exceed the amount of tips" they actually received. (Pls.' Rep. Br. at 4.)

Read plainly—and strictly construed—the language that Defendant cites fails to communicate that Defendant could not take a tip credit in excess of the tips a tipped employee actually received. Although the language set a floor for what amounts Defendant assumed employees had earned and that Defendant would credit to their wages, the language does not set the ceiling for what Defendant could claim. To be sure, the language communicates that if a tipped employee did not receive tips in the amount Defendant automatically assumed, the employee was to inform Defendant of the tip deficiency, presumably so Defendant could make appropriate pay adjustments. (Def.'s Br. at 20.) But providing a notice that requires tipped employees to notify Defendant that they received insufficient tips is not the same as providing a notice that tells them that Defendant could not claim a tip credit over and above the tip amounts they actually received.

Accordingly, Defendant has not show that its Notice adequately informed tipped employees of all of Section 203(m)'s requirements. *See Driver v. Appleillinois, LLC*, 917 F. Supp. 2d 793, 805 n.9 (N.D. Ill. 2013) (finding that cited testimony did not demonstrate that

tipped employees "were informed of the provisions of § 203(m)" because the information communicated did not tell the tipped employees "that the amount [Defendant] was permitted to take as a credit against its minimum wage obligation could not exceed the amount of tips actually received"). Thus, Plaintiffs are entitled to summary judgment on the FLSA tip credit issue. *See Wright*, 2018 WL 5259469, at *5 (granting plaintiff's motion for summary judgment because the defendant "failed to notify [the plaintiff] of all the required information under Section 203(m)").

Defendant's four other arguments do not change this conclusion. First, Defendant argues that the Notice's language is ambiguous and presents a genuine dispute of material fact as to the clause's meaning. (Def.'s Br. at 21.) But as explained, a plain reading of the language shows that it is capable of only one interpretation: that it does not inform tipped employees that Defendant could not take a tip credit in excess of what a tipped employee actually earned in tips. Because this is the only reasonable reading of the language and Defendant offers no additional reason to believe otherwise, the meaning of the language is resolvable as a matter of law. *See Subaru of Am., Inc. v. DDB Worldwide Commc'ns Grp., Inc.*, No. 08-cv-6218, 2010 WL 1257732, at *2 (D.N.J. Mar. 25, 2010) (explaining the "fundamental principle of contract law that disputes involving the interpretation of unambiguous contracts" that are amenable only to "one construction" are "resolvable as a matter of law" at summary judgment).

Second, Defendant argues that it satisfied the requirements to take a tip credit because Defendant notified employees verbally "of the very items of the written notices themselves." (Def.'s Br. at 20.) But as explained, the Notice's contents are deficient under Section 203(m). Defendant cannot show compliance with the FLSA's notification requirement by verbally informing employees of that same deficient information.

Third, Defendant argues that fact disputes prevent summary judgment because both Casco and Blemings dispute that they signed the Notice. (Def.'s Br. at 21.) But that is besides the point. Whether their signatures are genuine is not relevant to whether the underlying document contained adequate information under Section 203(m).

Finally, Defendant claims that Plaintiffs' motion for summary judgment should be denied as premature because Judge Schneider extended the discovery period in this matter to allow Defendant to conduct discovery of various opt-in Plaintiffs that recently joined this case. (Def.'s Br. at 24.) According to Defendant, the Court should not enter class-wide summary judgment on the tip credit issue until that discovery is complete because the outstanding discovery is focused on "what these new parties knew about the tip credit and what and how they were advised about it." (*Id.*)

The Court will not delay ruling on summary judgment because Defendant's request is procedurally improper. Federal Rule of Civil Procedure 56(d) requires "a party seeking further discovery in response to a summary judgment motion [to] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling v. City of Philadelphia*, 855 F.2d 136, 139–40 (3d Cir. 1988) (discussing the predecessor to Rule 56(d), Rule 56(f)). "[I]n all but the most exceptional cases, failure to comply with [Rule 56(d)] is fatal to a claim of insufficient discovery on appeal." *Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002). Here, Defendant did not file a Rule 56(d) affidavit with its opposition to Plaintiffs' motion for summary judgment or at any time thereafter. Therefore, "as a procedural matter alone," the Court rejects Defendant's attempt to delay summary judgment. *Dowling*, 855 F.2d at 140; *Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989) ("In light of appellants' failure to comply

with [Rule 56(d)], we conclude that the district court did not abuse its discretion in granting summary judgment when it did.").

### B. NJWHL Tip Credit

The parties also contest whether the above FLSA notification analysis applies equally to Plaintiffs' NJWHL claims. Plaintiffs argue that because the NJWHL is analogous to and modeled after the FLSA, proof of an FLSA tip credit violation also shows a NJWHL tip credit violation. (Pls.' Br. at 2 n.3.) In opposition, Defendant argues that New Jersey law does not require employers claiming a tip credit to notify tipped employees of the same notice information as the FLSA's notice requirement. (Def.'s Br. at 22–24.) At this time, the Court need not resolve whether and to what extent the FLSA and NJWHL are coextensive on the tip credit notification issue because Plaintiffs have not shown that they are entitled to summary judgment.

As a general matter, Plaintiffs are correct that the FLSA and the NJWHL are interpreted in parallel because the NJWHL is patterned on the FLSA. *See, e.g.*, *Crisostomo v. Exclusive Detailing, Inc.*, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (noting that the NJWHL is analogous to the FLSA and that "interpretations construing FLSA are applicable" to the NJWHL)); *Ortiz v. Paramo*, No. 06-cv-3062, 2008 WL 4378373, at *4 (D.N.J. Sept. 19, 2008) ("The Court applies the same analysis to the FLSA claims and the NJWHL claims.").

But Plaintiffs have provided the Court with no information on the more specific issue here of how New Jersey law treats an employer's ability to meet minimum wage obligations through tip credits. Plaintiffs do not, for example, cite any NJWHL provision that deals with tip credits, including N.J. Stat. Ann. § 34:11-56a4(e).[5] That section—which incorporates language similar to the FLSA's definition of "tipped employees"—provides:

---

[5] In fact, Plaintiffs' entire NJWHL argument is limited to a cursory footnote in their moving brief. (Pls.' Br. at 2 n.3.)

13

> With respect to an employee who customarily and regularly receives gratuities or tips, every employer is entitled to a credit for the gratuities or tips received by the employee against the hourly wage rate that would otherwise be paid to the employee pursuant to subsection a. of this section of the following amounts: after December 31, 2018 and before July 1, 2019, $6.72 per hour; after June 30, 2019 and before January 1, 2020, $7.37 per hour; during calendar years 2020, 2021 and 2022, $7.87 per hour; during calendar year 2023, $8.87 per hour; and during calendar year 2024 and subsequent calendar years, $9.87 per hour.

*Id.*

Having failed to even cite that provision, Plaintiffs also fail to conduct any analysis comparing its text to the text of Section 203(m), which, unlike the NJWHL, explicitly states that the FLSA's tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection." 29 U.S.C. § 203(m)(2)(A). As the New Jersey Appellate Division has explained regarding parallel statutes, if a state's legislature adopts a new law based on another jurisdiction's previously enacted statute but omits or changes provisions of the source statute, those changes may be construed as deliberate, made with the purpose of limiting, qualifying or enlarging the adopted rule. *See New Jersey Dep't of Labor v. Pepsi-Cola*, No. A-918-00T5, 2002 WL 187400, at *68 (N.J. Super. Ct. App. Div. Jan. 31, 2002). Whether or not that is true here, Plaintiffs provide the Court with no explanation as to why the NJWHL should be construed in parallel with the FLSA's tip credit provision when the text of the FLSA contains a notice clause, but N.J. Stat. Ann. § 34:11-56a4(e) does not. If Plaintiffs believe that that this difference is immaterial (or that other provisions govern), they do not say why.

Plaintiffs also fail to direct the Court to any regulations or authorities interpreting any provision of the NJWHL in tandem with the FLSA with respect to the tip credit issue. And the cases Plaintiffs do cite do not support the proposition that a violation of the FLSA's tip credit provision also violates the NJWHL. In *Jun Yin v. Hanami Westwood Inc.*, for example, the

14

district court adopted "the same reasoning and conclusions for the [NJWHL] claims as set forth above regarding the FLSA claims." No. 14-cv-00809, 2016 U.S. Dist. LEXIS 180730 (D.N.J. Dec. 30, 2016). But in that case, the court did not decide whether the defendant could claim a tip credit to offset its minimum wage obligation under the FLSA. *Id.* at n.5. In fact, "the parties did not brief" or argue the tip credit issue. *Id.* Instead, the court simply "note[d], without deciding, that the notice provided by Defendants is arguably insufficient because . . . it fails to inform their employees that they are entitled to keep all of the tips they earn." *Id.* The Court does not see how the *Yin* court could incorporate non-existent FLSA tip credit conclusions into its later NJWHL conclusions.

Plaintiffs' reliance on *Chen v. Century Buffet & Rest.* is also misplaced. *See* 2012 WL 113539, at *7. Like here, the court in *Chen* granted the plaintiffs' motion for summary judgment because the defendant failed to "demonstrate that they fall within either the tip or meal credit exception" under the FLSA. *Id.* at *6. From there, the court addressed the plaintiffs' NJWHL claim, noting that "[b]ecause the NJWHL record-keeping, overtime compensation, and minimum wage requirements are modeled after and nearly identical to their analogous Fair Labor Standards Act regulations, judicial interpretations construing the FLSA are applicable." *Id.* at *7.

The analysis that followed, however, suggests that the court did not incorporate its FLSA tip credit findings into its NJWHL findings. Instead, it suggests that the court incorporated into its NJWHL findings its FLSA *overtime findings* under *a separate burden shifting framework*. In other words, having explained that interpretations of the FLSA are applicable to the NJWHL, the court stated:

> As such, this Court's analysis under the *Mt. Clemens* burden shifting framework set forth in section II.B.1.c of this Opinion is germane to Plaintiffs' allegations of

15

> state law overtime compensation and minimum wage violations. Thus, Plaintiffs'
> motion for summary judgment on their NJWHL cause of action is granted for the
> same reasons this Court grants Plaintiffs' motion for summary judgment on their
> FLSA claims.

*Id.* Plaintiffs do not acknowledge this aspect of the *Chen* court's NJWHL discussion.

To be sure, this passage also mentions minimum wage violations. But Plaintiffs fail to show that the NJWHL minimum wage allegations in *Chen* are the same as here—that the defendant violated the NJWHL's minimum wage protections by failing to inform the plaintiffs of the FLSA's notice requirements to claim a tip credit. Indeed, the Third Amended Complaint docketed in *Chen* does not appear to contain such allegations. (*Id.* at Doc. No. 70 ¶¶ 34–40, 63–69.) Nor does the brief in support of the plaintiffs' motion for summary judgment. (*Id.* at Doc. No. 93.) In fact, the Third Amended Complaint suggests that the *Chen* plaintiffs sought relief under the NJWHL's minimum wage protections because of the defendants alleged failure to notify them the right to receive a minimum wage in the first place. (Doc. No. 70 at ¶¶ 34–35, 38, 68.)

Thus, at this time, the Court cannot conclude that Plaintiffs are entitled to judgment as a matter of law on the tip credit issue under the NJWHL. Accordingly, Plaintiffs' motion for summary judgment under the NJWHL is denied, without prejudice. The Court expresses no opinion on the proper construction of the NJWHL as it relates to an employer's notification obligations before it may attempt to claim a tip credit.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion is **GRANTED IN PART**, and summary judgment is entered in their favor and against Defendant on the tip credit issue under the FLSA. An Order shall issue.

Dated:  4/17/2019                                         /s Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge