# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| OSCAR CASCO, individually and on behalf of all others similarly situated; | : <br> : <br> : Civil Action Docket No. <br> : 1:16-cv-02084-RBK-JS |
| Plaintiff(s), | : <br> : |
| vs. | : <br> : |
| PONZIOS RD, INC. d/b/a METRO DINER; and Doe Defendants 1-10,, | : <br> : <br> : |
| Defendant(s). | : |

_____

### DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR FINAL COLLECTIVE ACTION CERTIFICATION PURSUANT TO SECTION 216(B) OF THE FAIR LABOR STANDARDS ACT

_____

CAPEHART & SCATCHARD, P.A.
A Professional Corporation
Laurel Corporate Center, Suite 300
8000 Midlantic Drive
Mount Laurel, NJ 08054
(856) 234-6800
Attorneys for Defendant, Ponzios Rd., Inc.
d/b/a Metro Diner
RSmith@capehart.com

On the Brief:
Ralph R. Smith, 3rd, Esq.

Dated:   July 1, 2019

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................i
I.    INTRODUCTION..........................................................................................1
II.    BACKGROUND ...........................................................................................2
LEGAL ARGUMENT .............................................................................................6
        I.    THE INSTANT MOTION SHOULD BE DENIED AS IT IS
            PREMATURE UNTIL DEFENDANT HAS A MEANINGFIUL
            OPPORTUNITY TO ENGAGE IN THE COLLECTIVE CLASS
            BASED DISCOVERY ALREADY AUTHORIZED |
            BY THIS COURT ...................................................................................6
CONCLUSION ......................................................................................................11

6934657

# TABLE OF AUTHORITIES

**Page**

## CASES

Cranney v. Carriage Servs., No. 07-cv-01587,
 2008 U.S. Dist. LEXIS 113606, 2008 WL 2457912 (D. Nev. June 16, 2008) .............. 7

Garcia v. Freedom Mortg. Corp.,
 790 F. Supp. 2d 283, 274 F.R.D. 513 (D.N.J. 2011) ...................................................... 9

Goodman v. Burlington Coat Factory Warehouse Corp.,
 292 F.R.D. 230, 233 (D.N.J. 2013) ........................................................................ 7, 8

Zavala v. Wal Mart Stores, Inc., 691 F.3d 527 (3d Cir. 2012) .......................................... 9

## I.    INTRODUCTION

Defendant, Ponzio's RD, Inc., submits this brief in opposition to Plaintiffs' Motion for Final Collective Action Certification Pursuant to Section 216 (b) of the Fair Labor Standards Act ("FLSA"). Defendant now opposes this motion for the following reasons.

As the recent procedural history in this case makes evident, Plaintiffs intentionally filed this motion to circumvent a series of rulings by The Honorable Joel Schneider, U.S.M.J., which upheld Defendant's right to engage in discovery relating to, among other topics, this final collective action certification issue. The deadline for completion of that discovery does not expire until July 31, 2019, yet Plaintiffs nevertheless filed the instant class certification motion on June 11, 2019, obviously knowing that it would deprive Defendant of the benefits of (and likewise undercut) Judge Schneider's decision that permitted the continuation of such opt-in collective discovery. In allowing this discovery to proceed, Judge Schneider specifically rejected Plaintiffs' argument that collective certification discovery was no longer necessary due to this Court's decision that partially granted summary judgment on Plaintiffs' claim that Defendant did not provide its wait staff with an effective tip credit notice under the FLSA. Having failed to convince the Court to deny Defendant the necessary discovery through that route, Plaintiffs filed the instant motion to thwart Judge Schneider's decision, and stop Defendant from acquiring possible information that could defeat collective class certification.

As further evidence that the current premature filing of the instant motion was purposefully designed to circumvent Judge Schneider's allowance of discovery of certain select opt-in plaintiffs, along with filing the instant motion, Plaintiffs also filed in June,

1

6934657

2019 what turned out to be an unsuccessful appeal of Judge Schneider's May 14, 2019 Letter Order that previously allowed for the continuance of that discovery. Clearly then, the premature filing of the instant motion was no doubt intended to deprive Defendant of the benefit of the permitted opt-in discovery, and allowing Plaintiffs to continue such efforts by currently ruling on this motion now will unfairly prejudice Defendant's ability to defend against this motion and to ultimately challenge the final certification of any FLSA collective class here.

Accordingly, the instant motion should either be denied due to its prematurity, or the motion should be adjourned and rescheduled for a new return date after the expiration of the July 31 end date for discovery so Defendant has the opportunity to conduct the discovery that Judge Schneider specifically authorized, and ultimately be given a meaningful chance to defend against the instant motion once discovery has been completed related to this final FLSA collective class certification issue.

## II.   BACKGROUND

The procedural history of this matter which led to the filing of the instant application shows that the premature filing of this motion was ostensibly intended to avoid compliance with the legitimate discovery orders that were previously entered by this Court, and further was designed to deprive Defendant of the meaningful opportunity to defend against any final collective class certification ruling here. Thus, the recent flurry of motion practice shows that what Plaintiffs are truly attempting to accomplish now is the fast-tracking of a final collective class certification ruling without allowing the Defendant to take advantage of the discovery schedule set by the Court to enable it to

obtain information to potentially challenge the issuance of any final collective class certification ruling in this action.

Defendant was given the opportunity in the Court's November 9, 2018 Amended Scheduling Order ("November 18 Order" Exhibit A, Certification of Ralph R. Smith, 3rd, "Smith Cert.") to undertake certain class certification related discovery of various opt-in plaintiffs. With this Court having previously conditionally granted certification of an opt-in class under the Fair Labor Standards Act ("FLSA") in this wage and hour matter on March 8, 2018, at Defendant's request, Judge Schneider agreed to allow certain limited discovery of the plaintiffs who filed opt-in paperwork to join this litigation.

Under the November 18 Order, the Defendant was granted leave to serve by November 28, 2018 written discovery upon ten (10) opt in plaintiffs. (Paragraph 1, November 18 Order) All opt in plaintiffs receiving such discovery were directed to provide responses to same by January 19, 2019. (Paragraph 3, November 18 Order). The November 18 Order further granted Defendant leave to depose each of those 10 opt-in plaintiffs serving discovery responses. (Paragraph 2, November 18 Order) Those depositions were to be completed by the then February 28, 2019 deadline for pretrial factual discovery. (Paragraph 4, November 18 Order).

Judge Schneider subsequently held a management conference call with counsel on February 22, 2019. At that time, counsel for the Defendant advised the Court that only four (4) of the ten (10) opt-in plaintiffs who were served with written discovery under the Court's November 18 Order had provided written responses. As a result, Judge Schneider entered an order directing that discovery responses be served by March 8, 2019 from the delinquent opt-in plaintiffs. (See February 25 Order, Exhibit B, Smith Cert.).

3

6934657

Defendant was further directed to advise Judge Schneider promptly if responses were still not provided by the recalcitrant plaintiffs by the required deadline. Moreover, at that time, the discovery deadline was also extended until April 30, 2019. (February 22, 2019 Amended Scheduling Order, Exhibit C, Smith Cert.)

When the required March 8th deadline for responses passed with still no discovery responses provided, Defendant's counsel alerted Judge Schneider as directed by the Court's February 22 Order. As a result of the continuing non-compliance of the six (6) opt in plaintiffs who refused to provide discovery responses, Judge Schneider entered an order on March 27, 2019 requiring that the six (6) non-compliant plaintiffs appear in court on April 13, 2019, and show cause why their claims should not be dismissed because of their failure to comply with the Court's February 22 Order. (March 27, 2019 Order, Exhibit D, Smith Cert.). Along with issuing the order to show cause directive, Judge Schneider further granted Defendant permission to serve an additional six (6) opt in plaintiffs with written discovery.

Defendant thereafter on April 5, 2019 served written discovery on the additional six (6) allowed opt-in plaintiffs as permitted by Judge Schneider's Order. (Exhibit E, Smith Cert.) Defendant also served notices to take depositions of the original four (4) opt-in plaintiffs who had served written discovery responses. (Exhibit F, Smith Cert.) Those scheduled depositions were noticed to take place on various dates near the end of April, 2019.

On April 17, 2019, this court granted in part and denied in part Plaintiffs' then pending motion for summary judgment. While granting summary judgment under the FLSA on the issue of adequacy of the tip credit notice provided to the Plaintiffs, the court

denied summary judgment on that issue under the New Jersey State Wage and Hour Law ("NJWHL"). Subsequent to the issuance of that decision, Plaintiffs requested on April 19, 2019 that Judge Schneider terminate any further discovery of the collective class.

After hearing oral arguments of counsel, and receiving additional written submissions from counsel, on May 14, 2019, Judge Schneider rejected Plaintiffs' request to terminate further discovery of the opt-in plaintiffs, (May 14, 2019 Letter Order "May 14 Letter Order", Exhibit G, Smith Cert.), and subsequently issued an additional Amended Scheduling Order extending pretrial factual discovery until July 31, 2019. (See May 13, 2019 Amended Scheduling Order, Exhibit H, Smith Cert.). In denying Plaintiffs' request, Judge Schneider expressly rejected Plaintiffs' contention that the Court's summary judgment ruling obviated the need for the discovery that he had authorized back in November 2018 (See Page 2, May 14 Letter Order), and specifically rejected Plaintiffs' argument that the summary judgment decision addressed all relevant issues remaining in the case to bar the requested discovery. (See Page 1, May 14 Letter Order)

On June 4, 2019, Plaintiffs filed a motion to vacate Judge Schneider's May 14 Letter Order, while further requesting the issuance of a protective order barring the discovery previously allowed by Judge Schneider. They then filed the instant motion on June 11, 2019, knowing full well that collective class certification discovery was nowhere close to completion. On June 26, 2019, Plaintiffs' motion to vacate was denied by the Court. (See June 26, 2019 Order, Exhibit I, Smith Cert.) Also, on June 26th, the claims of 6 opt in Plaintiffs in this case were dismissed based upon Judge Schneider's Report and Recommendation for failing to comply with Court orders compelling their responses to

6934657

Defendant's class certification related discovery. (See June 26, 2019 Order, Exhibit J, Smith Cert.)

Thus, the true intentions for Plaintiffs' actions here are abundantly clear: by filing the instant demand for final collective class certification when they did, Plaintiffs wanted to deprive Defendants of the necessary means to fight the final certification of this class, even after this Court has twice determined that it is Defendant's right to take needed discovery, and Plaintiffs have now thrown every possible obstacle in the way of allowing Defendant to meaningfully engage in the discovery that this Court has now already authorized.

Moreover, having already lost 6 opt-in plaintiffs because they refused to comply with Court orders directing that they meet their discovery obligations, it is likewise abundantly apparent that Plaintiffs now also wish to avoid the further erosion of any FLSA collective class here in the event there is a continuation of noncompliance by opt-in members who may similarly fail to cooperate in these discovery efforts.  Significantly, at present, Plaintiffs have still not answered the additional 6 sets of written discovery that were allowed to be propounded, and likewise currently refuse to make available for questioning the opt-in plaintiffs whose depositions were noticed in April, 2019.

## LEGAL ARGUMENT

### I. THE INSTANT MOTION SHOULD BE DENIED AS IT IS PREMATURE UNTIL DEFENDANT HAS A MEANINGFIUL OPPORTUNITY TO ENGAGE IN THE COLLECTIVE CLASS BASED DISCOVERY ALREADY AUTHORIZED BY THIS COURT.

Defendant respectfully submits, that until such time as Plaintiffs and the proposed opt-in class members meet their discovery obligations, it is premature to rule on any final

collective class certification motion because doing so will deprive Defendant of its right to attempt to meaningfully oppose any final collective class certification decision here.

As this very Court has long recognized, allowing for discovery after a collective class has been conditionally certified in an FLSA matter is a vital part of the process of the defense of the case, which includes the possible challenging of the final certification of such a collective class. See Goodman v. Burlington Coat Factory Warehouse Corp., 292 F.R.D. 230, 233 (D.N.J. 2013).

In Goodman, Judge Schneider (as was done here) allowed the defendant in a FLSA case post conditional certification to conduct limited discovery of opt-in plaintiffs that was designed to obtain, *inter alia*, information in order to potentially challenge the final certification of the conditionally certified FLSA class.  Noting the broad discretion that a Court has in crafting overall discovery in FLSA matters, Judge Schneider allowed for certain limited discovery that included both depositions and the propounding of written interrogatories and document requests to select opt-in plaintiffs due to the fact that this information was ultimately relevant to the issues in dispute, including whether it was going to be appropriate to later convert the conditionally certified FLSA class to a final certified class.  Other federal courts have similarly recognized the importance of allowing post conditional discovery of opt-in plaintiffs as a vital component of defendant's defense arsenal in FLSA actions. See, Cranney v. Carriage Servs., No. 07-cv-01587, 2008 U.S. Dist. LEXIS 113606, *15, 2008 WL 2457912 (D. Nev. June 16, 2008) ("Permitting the full scope of discovery authorized by the Federal Rules of Civil Procedure would undermine the purpose of conditionally certifying a collective action and would be unreasonably burdensome and wasteful of the parties' and the court's

resources. However, fairness dictates the defendants should be permitted to conduct enough discovery to support a motion to decertify the conditionally certified class.").

In sum, Judge Schneider ultimately followed these principles in allowing for the current discovery that remains unanswered and continues to be the subject of meritless challenges by the Plaintiffs that only deprives Defendant of gaining possible information to contest the instant request for final collective class certification.

In the instant matter, Defendant should not lose it's already Court recognized ability to take discovery by a too early resolution of this motion before that discovery is allowed to be competed. Doing so would unfairly deprive Defendant of its right to meaningfully address the merits of any final collective class certification here simply because Plaintiffs do not want to expose other opt-in plaintiffs to the possibility of dismissal of their claims if they refuse to meet their discovery obligations as conditional class members in this case. It would accordingly be both unfair and extremely prejudicial to Defendant to presently address any motion for final class certification when Plaintiffs are intentionally depriving Defendant of the ability to obtain needed information and the possible means to challenge the pending motion.

As this Court well knows, certification of a FLSA 216(b) class is a two-step process. At the first step, plaintiffs simply need to make a "modest factual showing" that the employees in the complaint can be provisionally categorized as similarly situated to the named plaintiff. Goodman, 292 F.R.D. at 232. Although it is common to refer to this aspect of the case as conditional certification, it "is not really a certification. It is actually the district court's exercise of [its] discretionary power ... to facilitate the sending of notice to potential class members and is neither necessary nor sufficient for the existence

8

of a representative action under [the] FLSA." Zavala v. Wal Mart Stores, Inc., 691 F.3d 527, 536 (3d Cir. 2012) (citation and internal quotations omitted). "It is possible for a class to be certified at stage one but fail certification at stage two. Granting a conditional certification in stage one is not a final or permanent decision." Garcia v. Freedom Mortg. Corp., 790 F. Supp. 2d 283, 286, 274 F.R.D. 513 (D.N.J. 2011).

After discovery is complete, and the case is ready for trial, the case is in stage two. Id. If the defendant moves to decertify the class, a second, final determination will be made as to class certification. At the second stage, plaintiffs must show by a preponderance of the evidence that the proposed collective action plaintiffs are in fact "similarly situated." Zavala, 691 F.3d at 536-37. In this regard, to determine whether plaintiffs are similarly situated, courts use an "ad-hoc approach, which considers all the relevant factors and makes a factual determination on a case-by-case basis." Id. at 536. This is a fact intensive inquiry which analyzes, inter alia, whether the plaintiffs are located in the same department or location, whether the plaintiffs advance similar claims, whether the plaintiffs seek similar relief, and whether the plaintiffs have similar salaries and circumstances of employment. Id. at 536-37

Given the factually specific nature of the court's stage 2 inquiry, the discovery that is now being sought from the opt-in plaintiffs is critical so that Defendant can fully defend itself against the instant claims, which includes challenging a potential final FLSA class certification here. Thus, as was argued by the Defendant at the time of Plaintiffs' original application before Judge Schneider seeking to stop the on-going opt-in discovery process, the now outstanding discovery permitted by the Court is extremely relevant (as Judge Schneider has already found it to be) on the collective class certification issue as it

could very well show that the putative members are not similarly situated to preclude permanent certification of that class. For example, one or more of the opt-in plaintiffs may disclose that they were told more about the taking of the tip credit than the named plaintiffs themselves, or were likewise told things beyond what the Defendant's tip credit notice advised the named Plaintiffs, which would certainly be relevant as to whether that opt-in plaintiff is similarly situated to warrant inclusion in a final certified FLSA collective class. Or, such discovery could reveal additional supporting information that might allow for other arguments showing that the opt-in plaintiffs are not similarly situated to justify certification of a final FLSA collective class. Plaintiffs' continuing refusal to provide such relevant discovery, and filing the instant application to prevent the completion of that discovery, stifles Defendants' ability to adequately defend against the present motion, and should not be countenanced by this Court by currently proceeding to rule on the merits of this motion. This also further demonstrates that any final ruling on this collective certification issue is now premature until discovery is actually finished.

Moreover, the discovery sought of the opt-in class members is clearly permissible under past case decisional law, see e.g Goodman, supra, and significantly, had it not been for the failure of the multiple opt-in Plaintiffs to meet their discovery obligations in a timely fashion, this discovery would have likely been completed long before the filing of the instant application. Significantly, of the original 10 opt-in plaintiffs who were served with discovery, only 4 provided written discovery responses, and the remaining non-responding parties were made subject to the court's Order to Show Cause that resulted recently in the dismissal of the claims of those opt-in plaintiffs. Because of that failure, Judge Schneider further granted Defendant leave to serve written discovery upon six (6)

additional opt-in plaintiffs so that Defendant would not lose out on the ability to conduct this relevant discovery just because of the refusal of the previously served opt-in plaintiffs to cooperate in providing written discovery responses. This failure, in hindsight, seemingly has worked to Plaintiffs' advantage in now depriving Defendant of potentially relevant information that would be critical in defending against the instant request for final certification.

## CONCLUSION

Accordingly, for all the foregoing reasons, Plaintiffs should not be permitted to prematurely drive the instant motion "down the throats" of Defendant because they are unwilling to comply with their authorized discovery obligations and risk possible dismissal of additional opt-in plaintiffs.  Because Plaintiffs' continuing refusal deprives Defendant of a meaningful chance to engage in discovery and collect relevant information that is extremely pertinent to the mounting of a potential successful defense to the instant collective class certification motion, this Court should respectfully either (1) deny this motion outright as premature since discovery in this matter is not yet over; or (2) alternatively adjourn this motion and schedule it for a return date after the July 31 closing of discovery while providing Defendant with sufficient time to address the merits of this motion once its outstanding discovery requests have been addressed by the opt-in plaintiffs.  The failure to choose between either of these recommended options will not only substantially prejudice Defendant, but will also cause the occurrence of a clearly avoidable injustice.

                                            Respectfully Submitted,

Dated:  July 1, 2019                          By:   */s/ Ralph R. Smith, 3rd*
                                                                Ralph R. Smith, 3rd

6934657